IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilario Coberley Vasquez, III,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-19-01191-PHX-DWL<br><br>**ORDER** |

On February 19, 2019, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On April 8, 2020, Magistrate Judge Morrissey issued a Report and Recommendation ("R&R") concluding that the Petition should be denied and dismissed with prejudice. (Doc. 21.) Afterward, Petitioner filed objections to the R&R (Doc. 22) and Respondents filed a response (Doc. 23).

For the following reasons, the Court will overrule Petitioner's objections to the R&R and terminate this action.

I.   Background

*Underlying Facts*. In June 2009, Petitioner and others were arrested after buying 300 pounds of marijuana from an undercover officer. (Doc. 21 at 1.) At the time of arrest, Petitioner had $3,000 in cash and was in the process of splitting the marijuana into smaller quantities to be delivered around the state. (*Id.* at 1-2.) A search of the house where the marijuana was transported revealed the existence of a surveillance system, fifteen weapons (some of which were equipped with silencers), cattle prods, and 80 additional pounds of

marijuana. (*Id*.)

*Trial Court Proceedings*. In July 2009, Petitioner was indicted on various drug and money laundering counts. (*Id.* at 2.) He was originally represented by court-appointed counsel but began representing himself (with the assistance of advisory counsel) in September 2009, after the trial judge made a finding that Petitioner's waiver of counsel was knowing, voluntary, and intelligent. (*Id.*) (*Id.*) During subsequent pre-trial proceedings, Petitioner rejected a plea offer, was evaluated for competency under Rule 11, was found competent, and chose to waive his right to waive a jury trial. (*Id.*)

In April 2010, the bench trial took place. (*Id.*) Petitioner was convicted of two drug counts. (*Id.*)

In May 2010, Petitioner was sentenced to 15.75 years in prison. (*Id.*) During the sentencing hearing, the trial judge specifically advised Petitioner that "because you had a trial you may appeal. In order to do that, you must file a notice of appeal within 20 days of today's date." (*Id.* at 3.) In response, Petitioner asked: "Okay. Who exactly do I file that with?" (*Id.*) The trial judge responded by explaining that "[y]ou file it with the clerk" and stating that Petitioner's advisory counsel could provide assistance. (*Id.*) That same day, Petitioner received and signed a form entitled "Notice of Rights of Review After Conviction and Procedure." (*Id.*)

*Post-Trial Proceedings*. Petitioner did not file a notice of appeal following his May 2010 sentencing. (*Id.*) He did, however, file an array of post-trial motions between October 2010 and December 2011. (*Id.*)

In January 2012, the trial court ruled that Petitioner's most recent motion—which was entitled "Secured Party's Motion for Hearing, Pursuant to Supplemental Rule E(4)(F) and Relief Pursuant to Rule 60C(4)(5)(6), Actual and Constructive Notice, Judicial Notice Required Pursuant to Rules of Evidence 201 and 44 et seq."—was actually a request for permission to file a delayed notice of appeal and thus ordered the state to file a response. (*Id.*) Petitioner, however, then filed a reply clarifying that his motion was *not* a request for permission to file a delayed notice of appeal. (*Id.* at 3-4.) Based on this clarification, the

trial court denied Petitioner's motion. (*Id.* at 4.)

*The First PCR Proceeding*. In June 2012, Petitioner filed his first notice of post-conviction relief ("PCR"). In it, Petitioner acknowledged that he hadn't pursued a direct appeal and alleged one ground for relief: that his failure to file a timely PCR notice wasn't his fault. (*Id.*)

In July 2012, the trial court held that, although Petitioner's PCR notice was untimely, it would overlook the untimeliness because Petitioner "had been extremely confused during the entire criminal justice process." (*Id.* at 4-5, internal quotation marks omitted.) The court also appointed counsel to represent Petitioner in the PCR proceeding. (*Id.* at 5.)

In September 2012, Petitioner's counsel filed a PCR petition requesting permission to file a delayed notice of appeal. (*Id.*) The petition asserted that Petitioner's advisory counsel was to blame for Petitioner's failure to seek direct review of his conviction and sentence in a timely fashion. (*Id.*)

In March 2013, the trial court denied the request for permission to file a delayed notice of appeal. (*Id.*)

In October 2014, the Arizona Court of Appeals remanded for an evidentiary hearing. (*Id.* at 5-6.)

In June 2015, the evidentiary hearing took place. (*Id.* at 6.) Following the hearing, the trial court made a factual finding that "the failure of filing a timely appeal is the fault of the [Petitioner]" and thus denied the PCR petition. (*Id.*)

In June 2017, the Arizona Court of Appeals affirmed, holding that the trial court's factual finding was supported by substantial evidence. (*Id.*) In support of this determination, the appellate court noted that (1) Petitioner had signed a form on the date of his sentencing that explained his appellate rights and associated deadlines, (2) Petitioner had admitted, during the evidentiary hearing, that he remembered being advised of the notice-of-appeal deadline by the judge during his sentencing hearing, and (3) there was no evidence that the trial judge had ordered advisory counsel to file a notice of appeal on

1  Petitioner's behalf.  (*Id.*)

2  In November 2017, the Arizona Supreme Court denied review.  (*Id.*)

3  *The Second PCR Proceeding*.  In November 2015, Petitioner filed a second PCR notice.  (*Id.*)  It asserted a variety of claims, including prosecutorial misconduct and ineffective assistance of counsel ("IAC").  (*Id.*)  However, Petitioner's court-appointed counsel was subsequently unable to identify any colorable claims.  (*Id.* at 7.)

In January 2017, Petitioner filed a motion to dismiss his second PCR petition without prejudice.  (*Id.*)  This motion was granted.  (*Id.*)  However, a few weeks later, Petitioner filed a motion to amend his PCR pleadings and then clarified, in a response brief, that he wanted to proceed with his second PCR petition after all.  (*Id.*)

In July 2017, the trial court denied the second PCR petition.  (*Id.*)

In March 2018, the Arizona Court of Appeals granted review but denied relief.  (*Id.*)

In October 2018, the Arizona Supreme Court denied review.  (*Id.* at 8.)

*The Petition For Special Action*.  In May 2018, Petitioner filed a petition for special action with the Arizona Supreme Court.  (*Id.*)  It raised a *Brady* claim and a claim that law enforcement relied upon illegally obtained evidence in the search warrant affidavit.  (*Id.*)

In September 2018, the Arizona Supreme Court denied the petition because it sought to raise claims that were the same as, or related to, the claims in Petitioner's petition for review of the denial of his second PCR petition.  (*Id.*)

*The Petition*.  In February 2019, Petitioner filed the Petition. (Doc. 1.)  It "asserts five grounds for relief: (1) failure to timely appeal is not Petitioner's fault; (2) prosecutorial misconduct for concealing *Brady* evidence; (3) ineffective assistance of trial counsel for failing to file a motion to suppress illegally seized evidence; (4) reinstatement of a plea agreement because of the suppressed evidence; and (5) ineffective assistance of Rule 32 counsel for failure to present ineffective assistance of trial counsel claims in the first PCR petition." (Doc. 21 at 8.)

*The R&R*.  The R&R was issued in April 2020. (Doc. 21.)  It concludes the Petition should be denied and dismissed with prejudice because it was not filed within AEDPA's

one-year statute of limitations. (*Id.* at 9-11.) Specifically, the R&R first explains that because Petitioner failed to file a notice of appeal, the one-year statute of limitations for filing a habeas petition began to run on June 17, 2010 (*i.e.,* the deadline for filing a notice of appeal) and expired on June 17, 2011. (*Id.* at 9.) Next, the R&R concludes that Petitioner is not entitled to statutory tolling because his first PCR notice (filed in June 2012) was untimely under Arizona law, and only a properly filed PCR proceeding can toll the statute of limitations. (*Id.* at 9-10.) Finally, the R&R concludes that Petitioner is not entitled to equitable tolling because no external forces prevented him from filing his habeas petition in a timely fashion—confusion over deadlines does not qualify. (*Id.* at 10-11.)

II.     Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's

- 5 -

III. <u>Analysis</u>

Although Petitioner's objections to the R&R (Doc. 22) are not a model of clarity, it appears that he seeks to raise six discrete objections. *First*, Petitioner argues that the R&R's timeliness analysis is flawed because it overlooks that he "was allowed to proceed with his first [PCR notice] in an untimely manner," which "was Petitioner's saving grace moment," and that "[e]quitable tolling should be applied from the time the courts allowed Petitioner's untimely [PCR notice] to proceed." (*Id.* at 2-3, 7-8.) *Second*, Petitioner argues that his PCR counsel was ineffective in failing to raise an IAC claim against his trial counsel and, under *Martinez v. Ryan*, 566 U.S. 1 (2012), he is therefore entitled to obtain "substantive review of untimely and procedurally precluded claims of attorney ineffectiveness." (Doc. 2-3.) *Third*, Petitioner objects to the R&R's statement that 15 firearms were found during the execution of the search warrant, arguing that this statement is "misleading" because he was never charged with any firearms-related offenses. (*Id.* at 3.) *Fourth*, Petitioner objects to the R&R's statement that his rejection of a plea offer was knowing and voluntary, arguing that it couldn't have been a valid rejection because he was unaware at the time of various *Brady* violations. (*Id.* at 3-4.) *Fifth*, Petitioner objects to the R&R's omission of the fact that the prosecutor in his case made a pretrial request for the judge to conduct an *in camera* review of possible *Brady* information. (*Id.* at 4-5.) *Sixth*, Petitioner objects to the R&R's alleged failure to include certain information in its summary of his sentencing hearing. (*Id.* at 5-7.)[2]

Petitioner's first objection will be overruled. As Respondents correctly note, Petitioner's "judgment became final at the conclusion of direct review (not during collateral, post-conviction proceedings)." (Doc. 23 at 2.) Thus, it is irrelevant that Petitioner might be entitled to some form of tolling during the period when his first PCR

---

ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

[2] Petitioner also includes, at the end of his objections, a request for expedited consideration in light of the COVID-19 pandemic. (Doc. 22 at 8.) The Court has complied with this request—this order was issued soon after Petitioner's objections became fully briefed.

proceeding was pending (*i.e.,* June 2012 through January 2018). The one-year statute of limitations for filing a habeas petition had already expired by the time this theoretical tolling period came into effect—it expired on June 17, 2011.

Given this conclusion, it is unnecessary to resolve Petitioner's remaining objections to the R&R. None of those objections address the R&R's conclusion that the Petition was untimely filed. And because the Petition was untimely, there is no need to address whether Petitioner's claims are procedurally defaulted or whether certain factual statements (and/or omissions) within the R&R are objectionable.

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 22) are **overruled**.

(2) The R&R (Doc. 21) is **accepted**.

(3) The Petition (Doc. 1) is **denied and dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 14th day of May, 2020.

Dominic W. Lanza
United States District Judge